Brian W. Boschee, Bar #7612
HOLLEY DRIGGS LTD
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101
Telephone: 702.791.0308
bboschee@nevadafirm.com

Adam C. Abrahms *(has complied with LR IA 11-2)*
Neresa A. De Biasi *(has complied with LR IA 11-2)*
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile: 310.553.2165
AAbrahms@ebglaw.com
NDeBiasi@ebglaw.com
Cemail@ebglaw.com

Attorneys for Petitioner
UNITED PARCEL SERVICE, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., a corporation,<br><br>Petitioner,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 631,<br><br>Respondent. | Case No. 2:23-cv-302<br><br>**PETITION TO VACATE ARBITRATION AWARD** |

Petitioner United Parcel Service, Inc. ("the Company" or "Petitioner"), by and through its attorneys, Epstein Becker & Green, P.C. for its Petition to Vacate Arbitration Award, allege as follows:

## INTRODUCTION

1. This is an action to vacate Arbitrator Guy Z Prihar's November 28, 2022 arbitration award ("Award"), brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

///

FIRM:58224818v1

2. The Award was issued following the close of an arbitration hearing between United Parcel Service, Inc. ("Company" or "UPS") and the International Brotherhood of Teamsters, Local 631 ("Union" or "IBT 631") regarding a termination grievance filed by Ramon Rojas ("Rojas"), a former employee of UPS represented by the Union.

3. The Award is contrary to public policy, does not draw its essence from the parties' collective bargaining agreement ("CBA"), and the Arbitrator dispensed his own brand of industrial justice which exceeded the scope of his authority under the CBA. A true and correct copy of the parties' CBA is attached as **Exhibit A**.

4. Petitioner seeks an order from this Court under Section 301 of the LMRA vacating the Award.

## PARTIES

5. Petitioner United Parcel Service, Inc., a foreign corporation, maintains several places of business within this judicial district. Rojas was employed at a UPS facility located at 335 East Arby Avenue, Las Vegas, Nevada.

6. Upon information and belief, Respondent International Brotherhood of Teamsters, is a labor organization under Section II of the Labor Management Relations Act, 29 U.S.C. § 152, with its headquarters at 25 Louisiana Avenue, N.W., Washington, D.C. 20001. Upon information and belief, IBT 631's office is located at 700 N Lamb Blvd, Las Vegas, NV 89110.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Section 301 of the LMRA, 29 U.S.C. § 185.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §§ 185(a) and (c) because a substantial part of the events giving rise to the claim occurred in Las Vegas, Nevada and the duly authorized officers and agents of the Union are engaged in representing and acting for employee members in this judicial district. Venue is also proper under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, because the arbitration award was made in this judicial district.

///

FIRM:58224818v1

9. This action is timely filed pursuant to the applicable statute of limitations period.

**FACTS**

10. The Company and the Union are parties to a CBA which governs the terms and conditions of employment for all covered UPS employees around the country, including Rojas.

11. The CBA states that "[t]he arbitrator shall have the authority to apply the provisions of this Agreement and to render a decision on any grievance coming before him/her but shall not have the authority to amend or modify this Agreement or to establish new terms or conditions of employment," and "the arbitrator shall have no authority in any manner to amend, alter, modify or change any provisions of this Agreement."

12. According to the clear language of the parties' CBA, Arbitrators are barred from interpreting the CBA to include language that does not exist and that modifies the clear language agreed upon by the parties.

13. The CBA explicitly sets forth a rule on employees treating each other with respect and dignity, which includes refraining from harassment and threatening and intimidating behavior.

14. UPS also maintains a policy on Professional Conduct and Anti-Harassment that prohibits harassment of any person or group of persons on the basis of race, sex, national origin, disability, sexual orientation, age or religion.

15. The CBA provides that UPS may immediately discharge employees, without the need for a warning letter, when an employee has committed one of seven enumerated offenses. These seven specific offenses are known throughout UPS as the "Seven Cardinal Infractions."

16. Unprovoked assault is one of the Seven Cardinal Infractions under the CBA.

17. Prior to his termination, Rojas worked as a package car driver for UPS.

18. UPS terminated Rojas' employment on August 27, 2021 for his unprovoked assault on another UPS employee ("Victim") with whom he had previously worked alongside. Specifically, on August 23, 2021, after over more than half a year of having had absolutely no contact with each other and completely out of the blue, Rojas sent violent, obscene and demeaning text messages to the Victim within a group chat made up of strangers the Victim did not know, with an obvious intent and desire to threaten, frighten and harm the Victim because of his sexual orientation, a

protected characteristic.

19. Rojas admitted to sending these inappropriate messages to the Victim.

20. Rojas' actions were an unprovoked verbal assault on the Victim and violated UPS' policy on Professional Conduct and Anti-Harassment. Thus, UPS was justified in terminating Rojas's employment.

21. Following the receipt of these messages, the Victim secured a Temporary Protection Order Against Stalking or Harassment ("TPO") from the Justice Court of Las Vegas Township. The TPO stated that the "Court finds that . . . harassment has occurred" and demanded that Rojas refrain from contacting the Victim or being anywhere near the Victim's home or UPS, the Victim's place of work.

22. Ramos filed a grievance concerning his termination with the Union pursuant to the CBA's grievance and arbitration procedures. The Company denied the grievance and the Union moved the grievance to arbitration. An arbitration hearing was held on September 8, 2022 before Arbitrator Prihar.

23. During preparations for the arbitration hearing, further evidence of Rojas' inappropriate conduct at the workplace was reported.

24. On November 28, 2022, the Arbitrator issued an Award which violated public policy, was contrary to and modified the CBA, and dispensed the Arbitrator's own brand of industrial justice by sustaining the grievance and directing the Company to reinstate Rojas, thereby requiring UPS to permit a harasser in its work environment.

**CLAIM TO VACATE ARBITRATION AWARD**

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. The Award should be vacated as it does not draw its essence from the collective bargaining agreement because the order to reinstate Rojas directly contradicts the Company's policies and CBA's provisions prohibiting harassment and discrimination.

27. The Award should be vacated as the Arbitrator dispensed his own brand of industrial justice which exceeded the scope of his authority under the CBA because he still chose to reinstate Rojas despite finding that there was just cause to terminate Rojas and that Rojas has no remorse

FIRM:58224818v1

Epstein Becker & Green, P.C.
Attorneys at Law
Los Angeles

- 4 -

1  and that he is unlikely to abate his conduct if given the opportunity to return.

2      28.    The Award should be vacated as the Arbitrator exceeded the scope of his authority by improperly adding to and modifying the clear terms of the CBA by finding that just cause is an insufficient basis upon which UPS may terminate an employee's employment. Nothing in the CBA prevents UPS from terminating an employee's employment for just cause, which was found by the Arbitrator.

    29.    The Award should be vacated as it is contrary to well-established public policies against harassment based on protected characteristics. *See* NRS 613.330; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 (as amended).

    30.    The Award should also be vacated because UPS has no other adequate remedy at law. UPS and the Victim will only be able to obtain their requested relief through a judgment to vacate the Award.

### **CLAIM FOR RELEIF**

For the above reasons, the Petitioner respectfully requests that this Court enter an Order vacating the November 28, 2022 Award and grant such other and further relief as the Court deems just and proper.

DATED:    February 27, 2023

                      HOLLEY DRIGGS LTD

                      By: _____
                           Brian W. Boschee

                      EPSTEIN BECKER & GREEN, P.C.

                      By: _____
                           Adam C. Abrahms
                           Neresa A. De Biasi

                      Attorneys for Petitioner
                      UNITED PARCEL SERVICE, INC.

FIRM:58224818v1

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
LOS ANGELES